### John S. Nash et al. v. Dwight Mallory et al.

*Writ of attachment: Return day: Omission of year.* Where a writ of attachment was tested and issued on the 7th day of February, 1867, but made returnable "on Tuesday the 2d day of April," without expressing the year, *held,* that it must be understood as referring to April of the then current year.

*Heard July 10th. Decided July 13th.*

Error to Lenawee Circuit.

Suit in this case was commenced by attachment. The writ omitted to state the year of the return day. A motion to set aside the writ for said cause was denied, and judgment was rendered in favor of plaintiff.

*A. L. Millard,* for plaintiff in error.

The writ of attachment by which the suit was commenced is void for want of a proper return day.

It is returnable on the second day of April; not specifying any year.

A writ of attachment must require the sheriff to summon the defendant to appear at a time and place to be specified in the writ.—*2 Comp. L. 4746.*

A writ not returnable on a certain day is void; and such a writ can not be amended.—*4 Mo. 222; 2 Johns. 190; 4 Id. 309; 9 Id. 386; 2 Wend. 259; 13 Pick. 90.*

So when the place at which the defendant was summoned to appear was uncertain, the writ was held void.— *20 Ill. 89; 23 Id. 473.*

*Hodges & Dickinson,* for defendants in error.

The defendant in attachment is to be summoned to appear at the time and place specified in the writ, and the writ is sufficient if it specify a time and place with the same certainty as other writs issuing out of the Circuit Court. — *2 Comp. L. § 4746.*

In the case at bar the writ was returnable on the first Tuesday of a month within three months of its date, and was in all respects within the provisions ·governing the issuing of other writs out of the same court. — *Rule 13.*

The writ was dated February 7th and served March 11th, and the defendants could not have been misled by the omission of the insertion of the year, for they are bound to know the time for appearance. The month named will be held to mean the first month of that name within three months from the date of the writ. — *11 Wis. 71; 29 N. H 385, and cases cited.*

If the omission complained of makes the writ defective, it is such a defect as may be amended. — *2 Comp. L. 1202; 2 Doug. 90.*

CHRISTIANCY J.

The writ of attachment in this case was tested and issued on the seventh day of February, 1867, and made returnable "on Tuesday, the second day of April," without the word next or anything expressly stating the year of the return. The writ appears to have been personally served on or prior to the eleventh of March, 1867.

The only question is whether, on account of this omission, the writ was void?

By the statute — *2 Comp. L. Art. 4746* — the writ must require the sheriff to summon the defendant "to appear at a time and place to be specified in the writ." It is insisted that this writ does not conform to this requirement, and is not returnable on any particular day.

Outside of courts of law, among people of common understanding, there can be little room to doubt that every man would readily understand the month of April mentioned in this writ, as intended to indicate the April next to occur after the date of the writ: the April of the then current year.

No man of plain common sense would be likely to infer that the intention of the writ was to pass over the April first to occur, to pass over four or five terms of the court without any authority of law, when the April first to occur would meet all those requirements; and, therefore, no man would be likely to be misled by the omission. And it would be an evidence of deplorable infirmity in courts of law, if they should be incapable of understanding what is so plain to the rest of mankind.

This is not therefore the case of a writ returnable out of term, or on a wrong day, or no particular day, as in the cases cited by the counsel for the plaintiff in error. It is in effect, from what sufficiently appears upon its face, returnable at the right term and on the proper day in the next April after its date.

The case of *Kelly v. Gilman, 29 N. H. 385,* is an authority precisely in point, where it was held that a writ dated in February, 1853, returnable at the court to be holden on the fourth Tuesday of April, without the word "next," was to be understood as returnable at the next April — the April of the then current year. See also *Tillson v. Bowley, 8 Greenleaf, 163,* and *Drew v. Dequindre, 2 Doug. (Mich.) 93.*

The judgment of the Circuit Court must be affirmed, with costs.

The other Justices concurred.